IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60799

SKYHOP TECHNOLOGIES, INC.
a Delaware corporation; SKYHOP
GLOBAL, LLC; a Florida limited liability
company; KRISTINE SCOTTO, an
individual,

       Plaintiffs,

v.

PRAVEEN NARRA, an individual,
INDYZEN, INC., a California
Corporation, d/b/a AppDevelopment.com,
Inc., d/b/a Tech.US, Inc.,

       Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF
<u>PERSONAL JURISDICTION AND IN THE ALTERNATIVE IMPROPER VENUE</u>**

Defendants, PRAVEEN NARRA and INDYZEN, INC., move to dismiss Plaintiffs'[1]

Amended Complaint for lack of personal jurisdiction and improper venue pursuant to Federal

Rules of Civil Procedure 12(b)(2) and (3), Florida's long-arm statute, and the Due Process Clause

of the Fourteenth Amendment to the U.S. Constitution. Because there is no basis for the Court to

exercise personal jurisdiction over Mr. Narra and Indyzen, both of whom are citizens of California

without substantive contacts in Florida, this action should be dismissed in its entirety. Finally, all

---

[1] Skyhop Technologies, Inc ("Skyhop"); Skyhop Global, LLC ("Skyhop Global"); and Kristine Scotto ("Ms. Scotto")

1

agreements between the parties contain arbitration provisions and forum selection clauses requiring litigation to be located in California.

## **INTRODUCTION**

Plaintiffs allege claims pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. §1030 ("CFAA") (Counts I-III), Florida's Computer Abuse and Data Recovery Act, Fla. Stat. §688.803, ("CADRA") (Count IV) and seek to avoid contractually mandated arbitration. (Counts V-VI)

These claims stem from Plaintiffs' desire to obtain control over software created and maintained by Indyzen. The Amended Complaint cites the Florida long-arm statute but falls short in alleging facts that support general or specific personal jurisdiction over either Mr. Narra or Indyzen.

I.      <u>Relief requested</u>

Mr. Narra and Indyzen respectfully request:

  1)  That the Court dismiss the Amended Complaint for lack of personal jurisdiction and/or for improper venue and deny Plaintiffs motion for preliminary injunction for the same reasons; and

  2)  That, pursuant to Fed. R. Civ. P. 1, in the interest of a just, speedy, and inexpensive determination of this action all trial deadlines be stayed pending resolution of this motion.

II.     <u>Reasons why relief should be granted</u>

The Amended Complaint should be dismissed for three reasons:

1.  The Amended Complaint does not contain facts triggering Florida's long-arm statute – a necessary prong for the Court to exercise personal jurisdiction over Mr. Narra and Indyzen;

2. Plaintiffs generally fail to state enough facts in the Amended Complaint to make a *prima facia* case of personal jurisdiction. Mr. Narra and Indyzen are domiciled in California. Indyzen is incorporated and maintains its principal place of business in California. Neither defendant has operations within the state of Florida to render them at home here; and

3. Mr. Narra and Indyzen's limited contacts, if any, within Florida are insufficient to warrant exercise of personal jurisdiction over them, pursuant to the Due Process Clause of the Fourteenth Amendment.

## **BACKGROUND**

Mr. Narra and Indyzen, both domiciled in California, develop and maintain software. That software development and maintenance, including the software at issue here, takes place in India and California. Plaintiffs allege that Mr. Narra is improperly causing Indyzen to withhold Skyhop's software ("the Software"). (Compl., ¶¶6-7) Since 2014, the Parties have an ongoing business relationship. Indyzen provides software development and maintenance for Plaintiffs. This continues through present day. (*See,* Exhibit 1: Affidavit of Praveen Narra, Ex. B: Acceptance Testing Approval dated June 2, 2021). This case belongs in arbitration, in California, because that is where the parties agreed to settle their disputes. (*See,* Exhibit 2: Preliminary Hearing and Scheduling Order, Order No. 1 dated June 3, 2021).

Plaintiffs allege that early this year, Ms. Scotto and Skyhop were ending their relationship with Indyzen and that they desired to transfer control of the Software, but Mr. Narra refused. According to Plaintiffs, Mr. Narra and by extension Indyzen, are extorting them. (Compl., pp.15-16) This is wrong and the Amended Complaint, along with its attachments do not support those allegations. All relevant agreements between the parties (signed by Ms. Scotto and Mr. Narra) that

touch upon the Software, mandate arbitration for dispute resolution. (*See,* Composite Exhibit 3: Agreements and Work Orders)

This lawsuit is an attempt to thwart arbitration which was demanded in March of this year. (Am. Compl., ¶10) The allegations against Mr. Narra and Indyzen are not only factually incorrect but also legally insufficient to support the exercise of personal jurisdiction over them.

## MEMORANDUM OF LAW AND ARGUMENT

"The Supreme Court has explained that 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to render the corporation at home in that State, only in *exceptional* cases." *Schulman v. Inst. for Shipboard Educ.*, 624 Fed. Appx. 1002, 1005 (11th Cir. 2015) citing *Daimler AG v. Bauman,* 571 U.S. 117, 159, n. 19, 134 S.Ct. 746, 761 n. 19, 187 L.Ed.2d 624 (2014).

"A federal court in Florida may exercise personal jurisdiction over a non-resident defendant to the extent that a Florida court may, as long as the exercise of jurisdiction is consistent with federal due process requirements." *Schulman v. Glob. Citizens Travel, LLC*, 13-CV-23766, 2015 WL 11018438, at *1 (S.D. Fla. Jan. 20, 2015), *aff'd sub nom. Schulman v. Inst. for Shipboard Educ.*, 624 Fed. Appx. 1002 (11th Cir. 2015).

It is Plaintiffs' burden to provide sufficient evidence in its Amended Complaint to establish a *prima facie* case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "'A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'" *Id.*

To determine whether Plaintiffs have adequately alleged personal jurisdiction, the Court should determine whether there is jurisdiction under Florida's long-arm statute and whether the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth

Amendment. *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 20-21630-CIV, 2021 WL 1648222, at *2 (S.D. Fla. Apr. 27, 2021). The analysis should begin with a determination of whether the allegations state a claim that triggers Florida's long-arm statute. *Id.* If not, then the case should be dismissed.

I.     <u>Jurisdictional Facts Relevant to Mr. Narra and Indyzen</u>

Mr. Narra is the Founder and CEO of Indyzen, Inc. (Aff. P. Narra, ¶2) Indyzen was incorporated and maintains its principal place of business in San Jose, California. *Id.* at ¶3. Indyzen is not registered to do business in Florida, does not maintain a registered agent, offices, employees, agents, officers, directors or telephone listings in Florida. (Aff. P. Narra, ¶¶ 6-9) Further, Indyzen does not own any real property, tangible, or intangible assets in Florida. *Id.* at ¶¶7, 14. Mr. Narra similarly lacks any connection with Florida save for some sporadic trips to Florida, the last one in 2019. (Aff. P. Narra, generally)

II.     <u>General Jurisdiction</u>

Under Florida's long-arm statute, "a defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. 48.193(1)(a). The Supreme Court, in *Daimler*, further refined general jurisdiction. After *Daimler*, the "only… limited set of affiliations with a forum that will render a defendant amenable to all-purpose jurisdiction" are their principal place of business or place of incorporation. *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.,* 2021 WL1648222 at *3, citing *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014).

Plaintiffs do not establish a *prima facie* case of general jurisdiction because they do not state any facts to support general jurisdiction beyond a recitation of the long-arm statute. *Stubbs,*

447 F.3d 1357, 1360 (11th Cir. 2006). The extent of the jurisdictional facts alleged are as follows: "The Court has general personal jurisdiction over Defendants under Fla. Stat. § § 48.193(2)" - nothing else. (Am. Compl., ¶13)

However, Plaintiffs do concede that Mr. Narra is a resident of California and that Indyzen is "organized and existing" under the laws of the State of California. (Am. Compl., ¶¶18-19)

Mr. Narra's domicile is, in fact, California. (Aff. P. Narra, ¶21). Plaintiffs correctly allege that Indyzen's place of incorporation is California. (Am. Compl., ¶19) However, Indyzen's headquarters and principal place of business are also in California. (Aff. P. Narra, ¶3). *See*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that Delaware company, with principal place of business in Texas, was not subject to general jurisdiction in Montana despite having over 2,000 miles of railroad and employing over 2000 Montana residents).

Mr. Narra's affidavit conclusively shows that he and Indyzen have no substantive contacts in Florida nor are they engaged in substantial operations here.

III.   Specific Jurisdiction

Fla. Stat. § 48.193(1)(a)(1)-(2) and Fla. Stat. § 48.193(1)(a)(6), state:

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

2. Committing a tortious act within this state.

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
a.   The defendant was engaged in solicitation or service activities within this state; or

b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

The specific jurisdiction analysis requires a properly pleaded statutory basis for specific jurisdiction; minimum contacts through purposeful availment – showing that Mr. Narra and Indyzen purposefully availed themselves of conducting pertinent activities in Florida; and a showing that the claims arise from actions directed to Florida. *Madara v. Hall*, 916 F.2d 1510, 1514-19 (11th Cir. 1990). "These dual requirements – that the defendant's conduct occur in Florida and that the plaintiff's cause of action arises from such Florida activity – are known as the statute's connexity requirement." *Piazenko v. Pier Marine Interiors*, -- So. 3d --, 45 Fla. L. Wkly., 2020 WL 6751314, at *3 (Fla. 3d DCA Nov. 18, 2020).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). In *Walden,* the Court was clear that "the plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) *See also, Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (declining personal jurisdiction in Texas over foreign defendant even though it sent its CEO to Texas to negotiate a contract, accepted money drawn from a Houston bank, purchased helicopters, equipment and training services from a Texas company and sent its personnel for training in Texas.); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (declining personal jurisdiction in Florida over a trustee in Delaware based on solely on the contacts of the trust's settlor, who was domiciled in Florida.)

At the outset, the Amended Complaint fails to allege **any** facts that show that Mr. Narra and Indyzen are carrying on a business venture in Florida. To the contrary, Mr. Narra's affidavit contains facts which forecloses that possibility. (Aff. P. Narra, ¶¶6-14; 21-34) There are no allegations in the Amended Complaint that show that either Mr. Narra or Indyzen are carrying on a business or business venture in Florida or that they committed a tortious act within the state. Nor have Plaintiffs shown that any actions Mr. Narra and Indyzen have taken are a result of contacts with the State of Florida.

Plaintiffs allege violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030 ("CFAA") and its Florida equivalent. They allege generally, without specifics, that Mr. Narra and Indyzen, among other things, attempted to extort Plaintiffs.

"[A] Florida court can exercise specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida—if the claim asserted against the defendant arises from the defendant's contacts with Florida, and those contacts fall within one of the enumerated categories set forth in section 48.193(1)(a)." *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 20-21630-CIV, 2021 WL 1648222, at *3 (S.D. Fla. Apr. 27, 2021). (citations omitted). In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017) the Supreme Court found no specific jurisdiction for claims unconnected to California.

Here, none of the specific claims at issue are connected to the State of Florida. "The mere fact that this conduct affected plaintiffs with connections to the forum state did not suffice to authorize jurisdiction." *Id.* citing *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115 (2014) (finding insufficient connection between claims and forum state). *See also, Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 59 (1st Cir. 2020) (finding no specific jurisdiction exists over

defendant who maintains an online learning platform accessible in and accessed in Massachusetts).[2]

As argued below, Plaintiffs fail to state claims which would trigger the long-arm statute in the first place and fail to allege facts showing that this lawsuit arose from **any** contacts with Florida.

A.  The Computer Fraud and Abuse Act ("CFAA")

The CFAA was designed to "target hackers who access computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possess the capacity to 'access and control high technology processes vital to our everyday lives.'" *Trademotion, LLC v. Marketcliq, Inc.*, 857 F. Supp. 2d 1285, 1290 (M.D. Fla. 2012).

Under the CFAA anyone who "intentionally accesses a computer without authorization or exceeds authorized access," and thereby obtains computer information is subject to criminal liability. *Van Buren v. United States*, 19-783, 2021 WL 2229206, at *3 (U.S. June 3, 2021) The statute also provides a private right of action to "[a]ny person who suffers damage or loss by reason of a violation of this section" who "may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." *Trademotion, LLC* 875 F. Supp. 2d at 1290; 18 U.S.C. § 1030(g). There is no provision in the CFAA for "continued possession" of software during a business dispute. Nonetheless, the claims in the Amended Complaint are insufficiently pleaded to support long arm jurisdiction for the reasons argued below.

---

[2] "The Due Process Clause imposes three requirements for exercising specific jurisdiction over out-of-forum defendants. First, the plaintiff's claim must **directly arise from or relate to the defendant's activities in the forum**. Second, the defendant's forum-state contacts must 'represent a purposeful availment of the privilege of conducting activities in that state.' Third, the exercise of specific jurisdiction in the forum must be reasonable under the circumstances. 'Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction.'" (citations omitted)

B.  <u>The Amended Complaint</u>

1.  *Count I – Computer Fraud and Abuse Act (18 U.S.C. §1030(a)(7)(A) or §1030(a)(7)(C)*

Skyhop does not plead a basis for triggering the Florida long-arm statute. Nor does it allege facts which show that its claims, even if sufficiently pleaded, arise from Mr. Narra and Indyzen's contacts with Florida as opposed to merely arising out of its dealings with Skyhop. Skyhop further alleges extortion by transmission of threats to cause damage to a protected computer in violation of §1030(a)(7)(A) and extortion in relation to damage to a protected computer, where such damage was caused to facilitate the extortion in violation of §1030(a)(7)(C). "Extort" or "extortion" is not defined in the CFAA. However, it is generally accepted that extortion is "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C.A. § 1951; *see also, Griffin v. ARX Holding Corp.*, 208 So. 3d 164, 166 (Fla. 2d DCA 2016).

As described in the *Trademotion, LLC* above, the CFAA's target is hackers who disrupt computer system functionality or make threats of disruption in exchange for obtaining money or something else. Here, the Amended Complaint does not contain allegation showing a transmission of threats made by anyone. This is because neither Mr. Narra nor anyone at Indyzen made any such threatening transmissions. If any such threats were transmitted, they would and should have been attached to the Amended Complaint. They were not. Instead, the Email correspondence attached to the Amended Complaint shows a business dispute and negotiation between Indyzen and Skyhop. (Am. Compl. ¶90, 93) It is highly unlikely that extortionist hackers would file for arbitration or offer to provide "software and training maintenance" to their victims' inhouse IT teams. *Id.* The Eleventh Circuit in reviewing allegations in connection with RICO allegations stated, consistent with *Iqbal* and *Twombly*, that "courts may infer from the factual allegations in

10

the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (finding that plaintiffs' allegations in the operative complaint, including emails, were insufficient to support RICO allegations). Exhibit 1 to Plaintiffs' Amended Complaint supports such a finding here where there is an obvious alternative explanation which suggests lawful conduct.

Similarly, there are no allegations of extortion in relation to "damage" of a protected computer. The term damage is defined in the CFAA "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C.A. § 1030(e)(8). Plaintiffs have not alleged any facts to support their claim. If anything, Plaintiffs allegations show that they never had control over the Software, not that somehow Mr. Narra and Indyzen improperly took control of the Software and are threatening to damage it. The Software continues to operate uninterrupted even today.

In sum, Plaintiffs do not allege facts supporting the allegations contained in Count I. Similarly, Plaintiffs have not shown how their claims, even if sufficiently supported by factual allegations, arise from Mr. Narra and Indyzen's contacts in the State of Florida – which are none.

2.   *Count II – Computer Fraud and Abuse Act (18 U.S.C. §1030(a)(2)(C)*

As with Count I, Skyhop fails to state a claim which would trigger the long-arm statute in Count II. Plaintiffs similarly fail to state how their claim, assuming it was properly pleaded, arises from Mr. Narra and Indyzen's contacts in Florida.

Skyhop's allegations in Count II are that Mr. Narra and Indyzen, either without authorization or exceeding their authorization, accessed a computer and obtained information from a protected computer. Skyhop's claims here are dead on arrival. First, Indyzen has always had and

continues to have authorization to access the Software because it created and maintains the Software. (Aff. P. Narra, ¶15) The Amended Complaint contains no facts showing why or how Mr. Narra individually accessed Skyhop's servers or computers without authorization or exceeding his authorization. There are no facts alleging the scope or extent of Mr. Narra or Indyzen's authorization to access Skyhop's computers was or is. There are no facts alleging what computers were accessed without authorization or when the alleged violations occurred. There are no facts showing what information was taken improperly or how or for what purpose. Plaintiffs' inability to plead facts supporting their claim means they have failed to state a claim which would trigger the long-arm statute. As with Count I, Plaintiffs have also not shown how their claim arises from contacts within the State of Florida. Mr. Narra and Indyzen's alleged improper "continued possession" described in paragraph 115 of the Amended Complaint did not occur in Florida, nor could it. Mr. Narra and Indyzen are located (and domiciled) in California. The software development and maintenance is done outside of Florida on servers located in Virginia. (Aff. P. Narra, ¶15, 16).

With respect to whether Mr. Narra or Indyzen have authorization to access password protected servers containing the Software, it is clear that they do. (Aff. P. Narra, ¶15; Ex. A and B). Exhibit A to Praveen Narra's affidavit is one of several agreements between Indyzen (Tech.us) and Skyhop. Exhibit B to Praveen Narra's affidavit is the most recent "Testing Approval" between Skyhop and Indyzen. This shows that any ongoing "possession" or access to the Software is not improper. Skyhop's argument that it is being harmed by Indyzen's ongoing possession is bizarre.

In a recent decision, the Supreme Court in *Van Buren* discusses the two distinct ways of obtaining information unlawfully under the CFAA. First, an individual violates the provision when he "accesses a computer without authorization." § 1030(a)(2). Second, an individual violates the

provision when he "exceeds authorized access" by accessing a computer "with authorization" and then obtaining information he is "not entitled so to obtain." *Van Buren v. United States*, 19-783, 2021 WL 2229206, at *9 (U.S. June 3, 2021).

In *Van Buren*, a law enforcement officer was accused of accessing his work computer with authorization to obtain information he was not entitled so to obtain. The parties in *Van Buren* agreed that the officer had accessed his work computer "with authorization" and that he obtained information[3] when he acquired a license plate record. *Van Buren v. United States*, 19-783, 2021 WL 2229206, at *5 (U.S. June 3, 2021). The Court sums up what it means to exceed authorized access:  "an individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." *Van Buren v. United States*, 19-783, 2021 WL 2229206, at *12 (U.S. June 3, 2021). Here, there are no allegations that Mr. Narra or Indyzen have improperly accessed files or data they are not authorized to access. If so, Plaintiffs have not identified what files, folders, databases are off limits to Mr. Narra and Indyzen that were improperly accessed.

In *Trademotion*, the district court discusses that when a plaintiff gives someone "access [to] the computer and code" the defendant cannot be doing so "without authorization." *Trademotion, LLC v. Marketcliq, Inc.*, 857 F. Supp. 2d 1285, 1291 (M.D. Fla. 2012).  Here, while the Parties resolve the disputes in the California arbitration, Mr. Narra and Indyzen have continued to provide software maintenance and testing services as evidenced by Exhibit B to Mr. Narra's affidavit.

For these reasons, Count II does not satisfy the requirements of specific jurisdiction.

---

[3] The FBI created fake license plate record in a sting operation to determine whether Van Buren would unlawfully provide that information to an informant for money.

3. *Count III – Computer Fraud and Abuse Act (18 U.S.C. §1030(a)(5)(C)*

Count III of the Amended Complaint alleges that by withholding certain password information, Mr. Narra and Indyzen continued possession of the Software constitutes a violation of §1030(a)(5)(C) of the CFAA. First, "continued possession" alone is not a violation of the statute. Moreover, Skyhop does not to plead "damage" as contemplated in the statute. Count III is more or less a repackaging of earlier allegations – namely that Mr. Narra and Indyzen refused to hand over the Software despite the fact that Skyhop never possessed the Software to begin with. However, in order to violate §1030(a)(5)(C) there must be (1) access to a computer without authorization or exceeding authorization and (2) that access has to cause "damage." The Amended Complaint is silent as to any such damage. Further, Plaintiffs also neglect to allege that their claims arise from Mr. Narra and Indyzen's contacts with Florida. "[C]ontinued sole possession and control" of Software is simply not actionable under §1030(a)(5(C) by a plain reading of the statute.

4. *Count IV – Florida's Computer Abuse and Data Recovery Act (Fla. Stat. §668.803(1), (2), or (3)*

The Computer Abuse and Data Recovery Act ("CADRA") Fla. Stat. §668.803(1)-(3) states:

> A person who knowingly and with intent to cause harm or loss:
>
> (1) Obtains information from a protected computer without authorization and, as a result, causes harm or loss;
> (2) Causes the transmission of a program, code, or command to a protected computer without authorization and, as a result of the transmission, causes harm or loss; or
>
> (3) Traffics in any technological access barrier through which access to a protected computer may be obtained without authorization,
>
> is liable to the extent provided in s. 668.804 in a civil action to the owner, operator, or lessee of the protected computer, or the owner of information stored in the protected computer who uses the information in connection with the operation of a business.

CADRA "provides causes of action for certain kinds of hacking." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1317 (11th Cir. 2020). Once again, the type of activity CADRA is concerned with – hackers who "knowingly and with intent to cause harm…" is not supported by the allegations in the Amended Complaint. To start, Skyhop has not pleaded intent to cause harm or loss and no such allegation appears in the Amended Complaint. As argued above, Plaintiffs have not shown, through their pleading, that Mr. Narra and Indyzen are "without authorization" as required by §688.803(1).

Also, Skyhop does not allege that Mr. Narra or Indyzen have caused "transmission of a program or code or command" to a protected computer which causes harm or loss. §688.803(2). Under CADRA "without authorization" means access to a protected computer by a person who:

"(a) Is not an authorized user;

(b) Has stolen a technological access barrier of an authorized user; or

(c) Circumvents a technological access barrier on a protected computer without the express or implied permission of the owner, operator, or lessee of the computer or the express or implied permission of the owner of information stored in the protected computer. The term does not include circumventing a technological measure that does not effectively control access to the protected computer or the information stored in the protected computer."

Fla. Stat. § 668.802(1)(9). Skyhop's pleading here is somehow less factually supported than its counts under the CFAA. Skyhop fails to allege any facts supporting paragraph 130 of its Amended Complaint. Skyhop does not explain what "technological access barrier" – that is, what "password, security code, token, key fob, access device, or similar measure" was circumvented or how. Fla. Stat. §688.802(7). There are no allegations as to when or how Mr. Narra and Indyzen accomplished such circumvention. "All CADRA violations—not just those arising under § 668.803(3)—

therefore require proof of access through a 'technological access barrier.'" *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1318 (11th Cir. 2020).

Skyhop's allegation that Mr. Narra and Indyzen "trafficked" in technological access barriers similarly falls flat. CADRA defines "traffics" as "sell, purchase, or deliver." Fla. Stat. §688.802(8). The Amended Complaint is completely silent as to the sale, purchase or delivery of the Software passwords and security codes – because there is none.

Finally, Skyhop fails to show how its claims under CADRA arise from Mr. Narra and Indyzen's contacts in Florida. Like Count I-III, Count IV lacks the connexity requirement of the long-arm statute analysis.

5.   *Count V – Declaratory Judgment – Arbitrability; Count VI – Declaratory Judgment – Arbitrability*

Counts V and VI of the Amended Complaint concern the arbitrability of certain claims brought by Indyzen against Skyhop, Skyhop Global and Ms. Scotto in California.

This Court would have long-arm jurisdiction over these declaratory judgment claims only if it were shown to have jurisdiction over the underlying causes of action. *Elandia Intern., Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1333 (S.D. Fla. 2010). However, as argued in this motion, the Court lacks personal jurisdiction over Mr. Narra and Indyzen. Therefore, Skyhop's claims under Counts V and VI should also be dismissed.

IV.   <u>Fourteenth Amendment Due Process</u>

If personal jurisdiction exists under the Florida long-arm statute, the Court should determine whether personal jurisdiction satisfies the requirements of the Due Process Clause. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). In *Walden*, the Court rejected the notion that an injury suffered in the forum State is a sufficient connection to exercise jurisdiction over the defendant. *Id.* at 290. Similarly, here the Plaintiffs suffered an injury, if at all, simply because they happen to be located in Florida, not "because something independently occurred" here. *Id.*

It is clear that in order for the Court to exercise personal jurisdiction over Mr. Narra and Indyzen, that defendants would have to have substantial connection with Florida. *Id.* at 284. As shown by the facts presented in Mr. Narra's affidavit, no such connections exist. Mr. Narra and Indyzen have no offices, telephone listings, tangible or intangible property, bank accounts, post office boxes, agents, employees, physical addresses, nor do they rent or lease property in Florida. (Aff. P. Narra, ¶¶6-14; 21-32).

Simply put, exercising personal jurisdiction over Mr. Narra and Indyzen would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

For these reasons, Mr. Narra and Indyzen respectfully request that the Court enter an order granting the instant motion.

V.      Forum Selection Clause - *Forum Non Conveniens*

In the alternative, the Amended Complaint should be dismissed for *forum non conveniens*, pursuant to a forum selection clause. "Forum selection clauses are presumptively valid unless the

plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *McArthur v. Kerzner Intern. Bahamas Ltd.*, 607 Fed. Appx. 845, 847 (11th Cir. 2015).

When Parties to an action have contractually agreed to a particular forum for dispute resolution, a district court should ordinarily transfer the case to specified forum. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).

Pursuant to *Atlantic Marine*, when determining whether to grant a motion to dismiss pursuant to a forum selection clause, the proper analysis consists of a modified *forum non conveniens* analysis. *Id.*

Here, the Parties have signed agreements and work orders mandating litigation (outside of arbitration)[4] be brought in Santa Clara County, California. Between them, the parties have signed no less than 8 agreements and work orders which call for venue to be located in Santa Clara County, California. For example:

**11. RELEVANT GOVERNING LAW**

In interpreting the terms of this Agreement, the parties agree that the laws of the State of California shall be applicable. All suits permitted to be brought in any court shall be venued in Santa Clara County, State of California.

(*See*, Composite Exhibit 3: Software Development Agreement, dated August 3, 2014)

Every subsequent agreement contains a similar forum selection clause. Exhibit 3 contains a collection of these agreements, all of which are signed by Ms. Scotto on behalf of Skyhop including one signed by Skyhop Global. (Aff. P. Narra, ¶17) "The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49,

---

[4] The agreements between the parties also contain arbitration provisions. In order to avoid waiving personal jurisdiction and venue defenses, Mr. Narra and Indyzen would seek to compel arbitration including the ongoing arbitration in California should this motion be denied. (*See* Exhibit 2).

60 (2013). However, where there is a forum selection clause, the *forum non conveniens* analysis is adjusted in three ways.

First, the plaintiffs' choice of forum merits no weight. *Id.* at 581-82. The Supreme Court has stated that a plaintiff who signs an agreement containing a forum selection clause has exercised her venue privileges before a dispute arises. *Id.* Here, Ms. Scotto and her companies have signed agreements mandating that any lawsuits be brought in Santa Clara County, California.

Second, unlike a traditional *forum non conveniens* analysis, the district court "should not consider arguments about the parties' private interests." *Id.* at 582; *see also, GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

Finally, the third modification to the *forum non conveniens* analysis is that Florida's choice of law rules will not apply.

In order to avoid dismissal, the Plaintiffs have the burden of making a "strong showing" that enforcement would be unreasonable under the circumstances. *Pappas v. Kerzner Int'l Bahamas, Ltd.*, 585 Fed.Appx. 962, 965 (11th Cir. 2014). Plaintiffs must show exceptional circumstances predicated on public interest considerations to justify disturbing the forum selection clause. *McArthur v. Kerzner Intern. Bahamas Ltd.*, 607 Fed. Appx. 845, 847 (11th Cir. 2015).

Therefore, a forum selection clause should be given controlling weight in all but the most exceptional cases. *Atlantic Marine*, 134 S. Ct. at 581.

Here, Ms. Scotto and Skyhop Global allege in Counts V and VI of the Amended Complaint that they are not bound by the terms of the arbitration clauses because Ms. Scotto is not a signatory to the agreements in her individual capacity, and Skyhop Global has never signed an agreement of any kind with Indyzen. Plaintiffs may argue that also applies to the forum selection clause here. That argument is unavailing because when a non-party to a forum selection clause is closely related

to the dispute, it will become foreseeable that it will be bound. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (binding a non-signatory to a forum selection clause and affirming dismissal). Because Ms. Scotto, as an officer of Skyhop and Skyhop Global, signed agreements agreeing to litigate in California she should now be estopped from suing here. *Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308, 1312 (11th Cir. 2005), *abrogated on other grounds*, *Matthews v. Ultimate Sports Bar, LLC*, 621 Fed.Appx. 569 (11th Cir. 2915) ("Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.")

A. Adequate Alternate Forum and Public Interest Factors

While the modified *forum non conveniens* analysis no longer requires consideration of the parties' private interest factors, the Court should consider whether California is an adequate alternate forum and whether the public interest factors mandate disregarding the Parties' contractually agreed upon venue.

The inquiry into whether an alternative forum is adequate has two parts: (1) availability; and (2) adequacy. An alternative forum is "available" when the foreign jurisdiction (California) can assert jurisdiction over the litigation. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). An alternative forum is "adequate" when it can provide some relief for the plaintiffs' claims. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 247 (1981). California is an available alternate forum – a California court would undoubtedly have jurisdiction over Mr. Narra and Indyzen and jurisdiction over claims under CFAA. California is also adequate in that it could provide the same relief sought here. Further, Mr. Narra and Indyzen are subject to service of process in California. Finally, the public interest factors weigh in favor of dismissal. The relevant public interest factors include: (1) local interest in the controversy; (2) avoidance of unnecessary problems in the

application of foreign law – in this case, California law; and (3) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.").

None of these factors weigh in favor of maintaining this case here. The Parties themselves agreed on California law in their agreements, Mr. Narra and Indyzen are citizens of California – giving California a significant interest in regulating its citizens' conduct. This case has no real connection to Florida but for the residency of the Plaintiffs.

## CONCLUSION

This case does not belong in Florida. The only connection to Florida is that Plaintiffs happen to be located in this state. Neither Mr. Narra nor Indyzen have any real contacts with Florida to be able to exercise personal jurisdiction over them. However, this case could and should have been brought before an arbitrator in California where Mr. Narra and Indyzen are domiciled and where the Plaintiffs, and their officer, Ms. Scotto, agreed to litigate.

For the reasons stated in this motion, Praveen Narra and Indyzen, Inc. respectfully request that the Court dismiss this action in its entirety.

Dated: August 12, 2021

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted,

THE LAW OFFICES OF ROBERT L. PARKS, P.L.
*Counsel for Defendants*
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Gabriel Garay
ROBERT L. PARKS
Florida Bar No. 61436
bob@rlplegal.com
ana@rlplegal.com
gary@rlplegal.com
GABRIEL GARAY
Florida Bar No. 103303
gabe@rlplegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2021 a copy of the foregoing document was filed with the Clerk, using cm/ecf, who will forward copies to all counsel of record on the attached Service List.

/s/ Gabriel Garay
Gabriel Garay
Florida Bar No. 103303

## SERVICE LIST

Alexander Esteban, Esq.
Florida Bar No. 107491
Javier A. Reyes, Esq.
Florida Bar No. 688487
Armando Rosquete, Esq.
Florida Bar No. 648434
Bell Rosquete Reyes Esteban, PLLC
999 Ponce De Leon Blvd., Suite 1120 PH
Miami, Florida 33134
Telephone: (305) 570-1610
Facsimile: (305) 570-1599
aesteban@brresq.com
jreyes@brresq.com
arosquete@brresq.com

Omar Ortega, Esq.
Florida Bar No. 0095117
Ashley Suarez, Esq.
Florida Bar No. 1025717
DORTA & ORTEGA, P.A.
3860 SW 8th Street, PH
Coral Gables, FL 33134
Phone: (305) 461-5454
Fax: (305) 461-5226
oortega@dortaandortega.com
asuarez@dortaandortega.com
dkoch@dortaandortega.com

*Counsel for the Plaintiffs*